# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Anderson M. Gansner
Gabriela A. Leija
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260-9900
Facsimile 608-260-9901

May 24, 2021

Honorable William M. Conley
United States District Court
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Thomas Kerl*
              Case No. 20-cr-071-wmc

Dear Judge Conley:

    I write in anticipation of Mr. Kerl's sentencing hearing scheduled for May 27, 2021, to respectfully request that the Court impose the 15-year mandatory minimum term of imprisonment. The defense additionally requests that the term of imprisonment imposed here be ordered to run concurrently to the remainder of the very lengthy state revocation sentences Mr. Kerl has yet to complete in Columbia County circuit court case number 00-CF-242.  After receiving a total of 14 years' imprisonment upon revocation, his current release date is September 8, 2033. (PSR ¶¶ 1, 86.)

    Everything changed for Mr. Kerl when his grandfather passed away. He'd been released in September 2006 after serving his first-ever (and only, up until now) prison sentence in Columbia County case number 00-CF-242 and moved in with his grandpa. While he suffered trauma after trauma as a child when in both of his father and mother's homes, his grandparents showed him "love and kindness" when he was with them. (PSR ¶¶ 102-103, 104.) He suffered the loss of his grandmother while serving his

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

Honorable William M. Conley
May 24, 2021
Page -2-

prison sentence, but his grandpa was there for him and supported him notwithstanding his sex offense conviction. And because of his grandpa's love and support, Mr. Kerl did relatively well while on state supervision for many years, having incurred only "a few" violations, completing sex offender treatment and aftercare, and securing employment where he received "multiple positive work reviews from his supervisor." (PSR ¶ 86, p. 22.)

Mr. Kerl reports that he believes the passing of his grandfather in 2015 sent him into a deep depression. He was able to use a small amount of money that his grandfather had left to him to support himself, but as more time went on, he started to feel like he just didn't care about anything anymore. He states that when he had the support of his grandfather, he felt could resist the urge to look up child pornography. But his passing, coupled with Mr. Kerl's lack of caring about anything—including himself—led him to where he is today. He relayed to me that a part of him wanted to trade and view illegal images, but another part of him felt sick for doing it. Both upon his arrest and afterward when meeting with his probation officer, he admitted his conduct. (PSR ¶¶ 49-51; 86, p. 22-23.)

Mr. Kerl's criminal history is limited to the prior sex offense for which he recently received the 14-year total revocation based on the conduct at issue in this case. There is no question that Mr. Kerl's decisions merit significant punishment, both as a moral and retributive matter. But the 14-year sentence he received upon revocation is only year below the mandatory minimum here. And Mr. Kerl has demonstrated in the past that he can live a crime-free life. A sentence with consecutive time would be far greater than necessary to advance the goals of sentencing. While Mr. Kerl has committed very serious crimes, this is the longest time he will serve in prison to date, with the only prior prison sentence being five years in length. (PSR ¶ 86.)

To be sure, this is an unusual situation where the defense is asking that Mr. Kerl serve little to no any additional time in a federal prison once his significant state sentences are completed. But that's not to say he won't be receiving consequential punishment. He will have served 14 years in state custody for his conduct that forms this offense. Following that, he will be released to decades of intensive supervision by both state and federal probation officers, violations of which could result in additional prison time. Hopefully that possibility will act as a strong incentive for Mr. Kerl to make every effort turn his life around this time.

Federal Defender Services
  Of Wisconsin, Inc.

Honorable William M. Conley
May 24, 2021
Page -3-

 Mr. Kerl strongly believes that a complete psychological assessment with mental health treatment and participation in grief counseling will help avoid recidivism upon his release from custody many years from now. His friends concur that mental health treatment would help him greatly, as "his involvement in both of his previous offense and the instant federal offense occurred shortly after he lost loved ones, first his mother and then his grandfather." (PSR ¶¶ 116, 117.) He has never received a mental health diagnosis nor participated in mental health treatment. (PSR ¶ 117.) He's ready to build upon prior sex offender treatment with mental health treatment to try to put himself in the best position possible for success upon his release.

 Thank you for your kind consideration.

        Sincerely,

        */s/ Kelly A. Welsh*

        Kelly A. Welsh
        Associate Federal Defender


cc: AUSA Elizabeth Altman
   Mr. Thomas Kerl